59 F.3d 181
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Harry R. WATKINS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3136.
 United States Court of Appeals, Federal Circuit.
 March 14, 1995.
 
 Before NEWMAN, MICHEL, and PLAGER, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 Harry R. Watkins, a former Internal Revenue Service employee, appeals the decision of the Merit Systems Protection Board (Board), Docket No. CH-0831-94-0153-I-1. The Board affirmed the Office of Personnel Management's (OPM) reconsideration decision finding that Mr. Watkins was not entitled to have his disability retirement annuity computed under the Civil Service Retirement System (CSRS) rather than the Federal Employees' Retirement System (FERS), because he had not proven at least five years' creditable federal service under CSRS prior to January 1, 1987, the effective date of his transfer to FERS. The Board found that Mr. Watkins' periods of federal service between November 14, 1969 and January 3, 1987, plus unused sick leave, added up to just over three and one-half years. The Board further found that an IRS letter to Mr. Watkins stating that he had at least five years of creditable service as of December 21, 1986, was not preponderant evidence because it was unsupported by agency retirement and personnel records or other evidence, and because such determinations are the province of OPM, not the IRS. The Board found that an undated Treasury Department identification card in Mr. Watkins' name was not preponderant evidence of additional federal service during the summer of 1972. Finally, the Board found that Mr. Watkins' service under CSRS could be creditable under FERS if Mr. Watkins made an appropriate deposit under the applicable statute and regulations. See 5 U.S.C. Sec. 8411(b)(3), (f) (1988); 5 C.F.R. Sec. 846.302(a)(1) (1994). No evidence had been offered, however, regarding any such deposit for service between 1969 and 1981, and therefore Mr. Watkins had not proven entitlement to credit under FERS for that service.
 
 
 2
 We must affirm the Board's decision unless it is
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.
 
 
 4
 5 U.S.C. Sec. 7703(c) (1988). We have reviewed the briefs and record, as well as the pertinent statutes. Finding no such error in the Board's factual findings or conclusions of law, we affirm.